IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARLANDER HAMPTON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.                                           Case No. 06-cv-477-DRH

## AMENDED MEMORANDUM & ORDER

**HERNDON, District Judge:**

    Plaintiff has filed a Motion for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), **28 U.S.C. § 2412(d)** (Doc. 23). Defendant (the "Commissioner"), in his Response, states he will not object to Plaintiff's Motion (Doc. 25), Plaintiff seeks attorneys' fees in the amount of $926.93, representing an hourly rate of $162.62 for a total of 5.7 hours. In addition, Plaintiff has submitted documentation showing an assignment directing any fees awarded under the EAJA be made payable directly to Plaintiff's counsel (Doc. 26). Defendant, likewise, does not object to this request.

    In an Order dated August 3, 2007 (Doc. 21), the Court adopted the Report and Recommendations issued by the Magistrate Judge, finding that the

decision of the Commissioner denying Plaintiff's application for SSI, pursuant to sentence four of **42 U.S.C. § 405(g)**, should be reversed and remanded back to the agency for rehearing and reconsideration of evidence.  Thus, in the instant Motion, Plaintiff claims that this Order was final and unappealable.  Plaintiff also states that Defendant's position was not substantially justified, Plaintiff is the prevailing party in this action and that no special circumstances make an award under the EAJA unjust (Doc. 23, p. 1).  As stated earlier, Defendant does not object to Plaintiff's assertions.

The Equal Access to Justice Act ("EAJA") "mandates an award of attorney's fees to a 'prevailing party' in a civil action against the United States where the government's position was not 'substantially justified,' no 'special circumstances' make an award unjust, and the fee application is submitted to the court within 30 days of final judgment." ***Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 946 (E.D. Wis. 2003)(citing 28 U.S.C. § 2412(d)(1) and *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000))**.  In requesting attorneys' fees, Plaintiff must show that he was the "prevailing party" and that the Commissioner's position in denying him disability benefits was not "substantially justified."  **28 U.S.C. § 2412(d**.)  Plaintiff is considered a prevailing party because the Court reversed and remanded the Commissioner's findings pursuant to **42 U.S.C. § 405(g)**.  ***See Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1090 (E.D. Wis. 2003)(citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)(Noting that**

a remand under sentence four of § 405(g) gives a plaintiff "prevailing party" status).

The Court recognizes that just because it reversed and remanded this case, this does not automatically create a presumption in favor of awarding Plaintiff's attorneys' fees. *See, e.g., Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). However, the burden of proof rests with the Commissioner to show that the government was substantially justified in denying Plaintiff's application for benefits, including that its decision was "reasonabl[y] [based] in both law and fact." *Koschnitzke*, 293 F. Supp. 2d at 946-47 (citing *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In this instance, the Commissioner has not met his burden of showing his position was substantially justified in order to negate an award of Plaintiff's attorneys fees under the EAJA. Plaintiff correctly asserts, in his Motion, that the Commissioner was not substantially justified in his denial of Plaintiff's application for disability benefits, as the Court reversed and remanded this matter. The Court thereby finds that the Commissioner was not "substantially justified," because of the Court's previous findings regarding this matter and also because the Commissioner does not otherwise object to Plaintiff's assertion. *See, e.g., Uphill*, 271 F. Supp. 2d at 1090 n.4 (finding that because the Commissioner had the burden of proof but failed to give argument to show he was justified in denying the plaintiff's application for benefits, the plaintiff therefore met the threshold required under

**28 U.S.C. § 2412(d) to demonstrate the Commissioner was not "substantially justified").**

Now that the Court has determined Plaintiff is entitled to attorneys' fees, it must now examine whether the fees sought are reasonable in time and rate. The EAJA states, "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher fee." **28 U.S.C. § 2412(d)(2)(A)**. In the instant Motion, Plaintiff shows that his counsel's proposed hourly rate of $162.62 is justified due to an increase in the cost of living, using current cost of living figures obtained from the United States Department of Labor website. Plaintiff also shows an itemized statement for the work hours his attorney billed for this case. Defendant neither objects to the reasonableness of the hourly rate nor the time billed by Plaintiff's attorney, for which the award is now sought. Upon examination, the Court thereby finds both the hourly rate and billed time to be reasonable under the EAJA.[1] **28 U.S.C. § 2412(d)(2)(A)**. Moreover, the Court finds Plaintiff signed an agreement to assign any and all attorneys' fees awarded

---

[1] Applying the Bureau of Labor Statistics "all items" Consumer Price Index for urban consumers ("CPI-U"), the Court will calculate the cost of living increase from March, 1996, when the maximum rate of $125 was set under the EAJA, to the applicable average rate for 2004 and the second half of 2005. In so doing, the Court finds that the 2004 reasonable rate would be (202.6/155.7 x 125) equal to roughly **$162.62**. *See, e.g., Prak v. Charter*, **908 F. Supp. 555, 557 (N.D. Ill. 1995)(citing *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994)); *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1096-97**.

Go to: < http://data.bls.gov/PDQ/outside.jsp?survey=cu > to access the CPI-U from the website for the U.S. Department of Labor, Bureau of Labor Statistics, Consumer Price Indx - *All Urban Consumers (Current Series)* [select "U.S. City Average" in box 1, "All Items" in box 2 and "Not Seasonally Adjusted" in box 3].

under the EAJA to his attorney. Accordingly, Plaintiff's Motion for Award of Attorneys' Fees (Doc. 23) is **GRANTED** pursuant to the EAJA. Plaintiff is the prevailing party and the Commissioner was not substantially justified in its position. Plaintiff's attorneys' fees are reasonable in time and hourly rate. Accordingly, Plaintiff is awarded the sum of **$ 926.93**. The Commissioner of the Social Security Administration shall make this award payable to Philip Senturia, Plaintiff's attorney.

    **IT IS SO ORDERED.**

    Signed this 15th day of May, 2008.

    /s/    David R Herndon

**Chief Judge**
**United States District Court**